UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              |   |                              |
|------------------------------|---|------------------------------|
| IN RE ALEXANDER ACOSTA, et al. | * | Civil Action No. 18-cv-10386-ADB |

**ORDER DENYING MOTION TO WITHDRAW REFERENCE**

BURROUGHS, D.J.

Defendant was allegedly a general and financial manager of J&T Enterprises, Inc. d/b/a Omni Foods Supermarket ("J&T"), which sponsored an employee welfare benefit plan covered by the Employee Retirement Income Securities Act ("ERISA"). The Secretary of Labor ("Plaintiff") contends that Defendant was the J&T plan fiduciary and his ERISA violations resulted in unpaid medical claims for plan participants. On December 6, 2016, Defendant initiated a chapter 13 bankruptcy proceeding that is pending in the U.S. Bankruptcy Court for the District of Massachusetts. See In re Avedisian, No. 16-14630 (Bankr. D. Mass. Dec. 6, 2016). Plaintiff has filed a proof of claim in the bankruptcy case, and, on December 4, 2017, filed an adversary complaint asserting that the debt arising out of Defendant's ERISA violations should be found non-dischargeable "for fraud or defalcation while acting in a fiduciary capacity" under 11 U.S.C. § 523(a)(4). See In re Avedisian, No. 17-01150 (Bankr. D. Mass. Dec. 4, 2017). On December 18, 2017, Plaintiff filed a civil complaint against Defendant and J&T in this Court to hold Defendant and J&T liable for the aforementioned ERISA violations and, among other things, enjoin Defendant from serving as a plan fiduciary and appoint an independent fiduciary

to administer J&T's plan. See Acosta v. J&T Enters., Inc., No. 17-cv-12488 (D. Mass. Dec. 18, 2017). Plaintiff now moves for this Court to withdraw the adversary complaint under 28 U.S.C. §157(d) and consolidate it with the civil action pending in this Court. [ECF No. 1].

28 U.S.C. § 157(d) describes the circumstances for mandatory or discretionary withdrawal of the reference to the bankruptcy court. The district court shall withdraw a proceeding "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Id. Here, the parties agree that the resolution of the adversary proceeding hinges on the application of ERISA. Mandatory withdrawal is only appropriate, however, "if the court can make an affirmative determination that resolving the claims will require substantial and material consideration" of ERISA. Parkview Adventist Med. Ctr. v. Cent. Me. Healthcare Corp., 2016 WL 730719, at *2 (D. Me. Feb. 23, 2016) (internal quotation marks and citation omitted). "This standard is met if resolving the proceeding would require a court to make a significant interpretation or engage itself in the intricacies of [non-bankruptcy] federal law, and is not met where resolving the case would require only simple or routine application of [non-bankruptcy] federal law to new facts." Id. (internal quotation marks and citation omitted). Here, Plaintiff has not met its burden to show that the application of ERISA in this case will require "substantial and material" consideration non-bankruptcy federal law. The central issue appears to be whether Defendant was a functional fiduciary, if not a named fiduciary, of the J&T plan. Although applying ERISA's functional definition of a fiduciary likely requires more factual and legal analysis than identifying a named fiduciary, Plaintiff fails to show that this case will require anything more than applying ERISA's functionary fiduciary principles to the facts of the case. Thus, mandatory withdrawal is not required.

28 U.S.C. § 157(d) also permits the district court to withdraw a proceeding, in whole or in part, "on timely motion of any party . . . for cause shown." A motion is timely "if it was made as promptly as possible in light of the developments in the bankruptcy proceeding" or, in other words, "at the first reasonable opportunity." United States v. Kaplan, 146 B.R. 500, 503 (D. Mass. 1992) (quoting In re Baldwin-United Corp., 57 B.R. 751, 753-54 (S.D. Ohio 1985)). Even if the motion were treated as timely filed, Plaintiff has not shown cause for withdrawal.

"[C]ourts in this circuit have emphasized that withdrawal "is an exception to the general rule that bankruptcy proceedings should be adjudicated in the bankruptcy court unless withdrawal [is] essential to preserve a higher interest." Martinez v. Scotiabank De P.R., 484 B.R. 536, 538 (D.P.R. 2012) (quoting In re Dooley Plastic Co., 182 B.R. 73, 90–81 (D. Mass. 1994)). "Withdrawal, even discretionary withdrawal, is permitted in only a limited number of circumstances." Id. (quoting United States v. Kaplan, 146 B.R. 500, 503 (D. Mass. 1992)). The burden is on the party seeking withdrawal to make a "clear showing of cause." Id. Some courts in this circuit have held that "with respect to core bankruptcy matters, the party seeking withdrawal must overcome the presumption that bankruptcy courts, and not district courts, should determine core matters," id. (quoting Kelley v. JPMorgan Chase & Co., 464 B.R. 854, 861 (D. Minn. 2011)), while others analyze whether the underlying matter "is core or non-core" as the first step in evaluating the totality of the circumstances for cause. In re Tinney, 2008 WL 3200722, at *2 (D.R.I. Aug. 6, 2008); see In re Jackson Brook Inst., Inc., 280 B.R. 779, 782 (D. Me. 2002) ("In determining judicial economy, courts weigh the preponderance of 'core' versus 'noncore' claims."). Aside from the core versus noncore determination, a district court examining the existence of cause considers "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping,

3

and other related factors." In re Lacey, 2011 WL 5117767, at *7 (Bankr. D. Mass. Oct. 27, 2011) (quoting In re First Alliance Mortg. Co., 282 B.R. 894, 902−02 (C.D. Cal. 2001)).

Here, the parties agree that the underlying action, which seeks the determination of the dischargeability of a particular debt, is a core proceeding. Cf. 28 U.S.C. § 157(b) (core proceedings include "determinations as to the dischargeability of particular debts"). The parties also agree that the same legal and factual issues that are central to the civil action are also at the forefront of the adversary proceeding. Moreover, there is no dispute that maintaining concurrently pending matters in the Bankruptcy Court and the District Court is an inefficient use of time and resources for both the parties and the courts. Plaintiff has not shown, however, that it should be the District Court that moves forward with this matter, at least in the first instance, where the underlying action is plainly a core bankruptcy proceeding and discovery in the bankruptcy case is set to close in less than one month. Although there is an additional party named and other relief sought in the civil action, the Court expects that the Bankruptcy Court's determination of the dischargeability question will resolve key issues in the civil action, given that the additional named party is Defendant's employer, J&T. Following the Bankruptcy Court's determination, Plaintiff can still proceed with the civil action as to the few remaining issues, if any exist. To conserve resources and avoid the duplication of efforts, this Court will STAY the civil action, Acosta v. J&T Enters., Inc., No. 17-cv-12488 (D. Mass. Dec. 18, 2017), pending the Bankruptcy Court's resolution of the adversary proceeding. Accordingly, the motion for withdrawal of the reference [ECF No. 1] is DENIED.

    **SO ORDERED.**

April 6, 2018                                                                         /s/ Allison D. Burroughs
                                                                            ALLISON D. BURROUGHS
                                                                            U.S. DISTRICT JUDGE